## OKLAHOMA RY. CO. v. STATE.

No. 3920.   Opinion Filed November 12, 1912.

(127 Pac. 1085.)

**CARRIERS**—Regulation—Corporation Commission Order—Violation—De-
fenses.   Where a street railway company is charged with not hav-
ing complied with the order of the Corporation Commission, which
required it to stop its cars at certain stations or street crossings,
such omission having been proved to have been willful on the part
of the parties in control of said car, held that, although the gen-
eral manager of said company may have instructed its employees
in control of such .car or cars to observe said order and make said
stops, such instructions did not exonerate the appellant.

(Syllabus by the Court.)

*Appeal from the State Corporation Commission.*

Proceeding by the State against the Oklahoma Railway Com-
pany for violation of an order of the Corporation Commission.
Judgment for plaintiff, and defendant appeals.   Affirmed.

*Asp, Snyder, Owen & Lybrand,* for appellant.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty.
Gen., for the State.

WILLIAMS, J.   The appellant after a trial before the Cor-
poration Commission was adjudged guilty of violating order No.
436, which is as follows:

"It is therefore ordered that the defendant, the Oklahoma
Railway Company, stop its local cars upon the customary signal
for the purpose of taking on and letting off passengers at each
street crossing on what is known as its Belle Isle line until further
ordered by the Commission."

The complaint charged the violation of the order in that it failed to stop its south-bound car No. 129 at Fourteenth street and Classen boulevard for the purpose of receiving and allowing passengers to board the car, at or about 12:55 p. m., on September 1, 1911.

The evidence, without contradiction, shows that the motorman and conductor of the car at the time failed to stop said car. Ed C. Rixse, the complaining witness, testified that he ran alongside the car for 40 feet expecting it to stop so that he could board it. W. R. Perkins testified as follows:

" * * * The car slowed down, and I took hold of the rail and stepped on it and it started out and left him (Rixse) standing there. * * * I stepped on and said to the conductor, 'Wait a minute, there is another man wants on,' and he says, 'Don't make any difference, there is another car coming right behind this one.' Q. You were both standing at the curb, were you? A. Yes, sir. Q. The car wouldn't have had to wait a second? A. No, sir; it didn't come to a full stop. Q. Do you know whether the car stopped at any stations after yours before it arrived at town? A. It passed Fourteenth and stopped on Thirteenth."

The evidence also showed that there was not another car for between eight and ten minutes, which was No. 128, and for which the passenger Rixse waited. Neither the conductor nor the motorman were produced as witnesses at the hearing.

J. J. Johnson, assistant general manager of the appellant, testified that, on the date of the violation, the company had a breakdown at the power house, but that operators of the cars had general instructions to stop at all street crossings where necessary to take on or let off passengers; that the failure to stop, as alleged in the complaint, was in violation of the company's orders; that Riggenberg, the conductor, had been discharged for this offense, and for his carelessness in the service, his violation of orders, and his general disregard of orders; that Foote, the motorman, had not been discharged for this, his first offense, but let off with a severe reprimand; that it is a joint duty of the conductor and motorman to see that a car stops on signal from the passenger or intending passenger.

Section 19 of article 9 of the Constitution provides:

"In all matters pertaining to the public visitation, regulation, or control of corporations, and within the jurisdiction of the commission, it shall have the powers and authority of a court of record, to administer oaths, to compel the attendance of witnesses, and the production of papers, to punish for contempt any person guilty of disrespectful or disorderly conduct in the presence of the commission while in session, and to enforce compliance with any of its lawful orders or requirements by adjudging, and by enforcing its own appropriate process, against the delinquent or offending party or company (after it shall have been first duly cited, proceeded against by due process of law before the commission sitting as a court, and afforded opportunity to introduce evidence and to be heard, as well against the validity, justness, or reasonableness of the order or requirement alleged to have been violated, as against the liability of the company for the alleged violation), such fines or other penalties as may be prescribed or authorized by this Constitution or by law."

It is insisted that, as the general manager had instructed the motorman and conductor of this car to comply with the order, upon which this prosecution was predicated, that absolves the appellant from punishment. The motorman and conductor, as agents of the appellant, were in control of this car at the time the order of the commission was violated by failure to stop same to receive passengers. Said omission of duty was by the act of said agents in the course and scope of their employment.

In *State v. Railroad,* 91 Tenn. 446, 19 S. W. 229, in an opinion by Judge Lurton, whilst a member of the Supreme Court of that state, it is said:

"Being a corporation, it necessarily acts only through its agents. If the obstruction is the act of its agent, it is the act of the corporation; provided the agent did the act in the course and scope of his duty as an agent. It is immaterial that the agent was, by the rules of the company, instructed not to permit such obstruction to continue for a time deemed by the corporation to be unreasonable. If such agent disobeys the reasonable requirement of the corporation, it becomes liable for the nuisance, because the agent was within the scope of his duty in operating the train and in stopping it across a public road. This principle is necessary to be enforced in regard to acts of misfeasance by corporations of this character. Otherwise the public would be required to look alone to subordinates, in general unknown and ir-

responsible. 2 Woods, Railway Law, pp. 1383, 1384, and authorities cited."

See, also, *A., T. & S. F. Ry. Co. v. State, ante,* 125 Pac. 721.

The question of jurisdiction of the Corporation Commission has been determined adversely to the contention of the appellant in *Oklahoma Ry. Co. v. Powell et al., ante,* 127 Pac. 1080.

The order of the commission is affirmed.

TURNER, C. J., and HAYES, KANE, and DUNN, JJ., concur.